# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**VERONICA SMITH,**  CASE NO.: 4:17-cv-00293-MW-CAS

    Plaintiff,

v.

**HERITAGE HEALTH CARE CENTER,**
    **Defendant.**
_____/

## REPORT OF PARTIES' PLANNING MEETING (FORM 52)

In accordance with Rule 26(f), *Federal Rules of Civil Procedure*, the parties provide the following joint report of their planning conference:

| 1. | **Pursuant to Fed.R.Civ.P. 26(f), the parties conferred electronically through their counsel, identified as follows:** | |
|---|---|---|
| A. | For the Plaintiff(s): | Elena Komsky, Esq. |
| B. | For the Defendant(s): | Laura C. Datz, Esq. |

| 2. | **Initial Disclosures.** | |
|---|---|---|
| | The parties will exchange the information required by R26(a)(1) on or before: | August 14, 2017 |

| 3. | **Discovery Plan: The parties propose to the Court the following discovery plan:** |
|---|---|
| A. | Discovery will be needed on all factual matters related to Plaintiff's claims against Defendant as alleged in the Complaint, whether related to liability or damages, as well as any defenses asserted by Defendant in their Answer and Affirmative Defenses. |

|    |    |    |
|----|----|----|
| B. | All discovery commenced in time to be completed by: | Plaintiff's position: February 28, 2018<br>Defendant's position: October 30, 2017[1] |
| C. | Interrogatories, requests for admissions and requests for production are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court. | |
| D. | Depositions shall be limited to fifteen (15) depositions per party, not to exceed three hours for any deposition without prior court approval, except for deposition of Plaintiff. | |
| E. | Depositions shall not exceed thirty (25) hours in total per side. | |
| F. | Reports from retained experts under Rule 26(a)(2) are due from the Plaintiff(s) no later than: | Plaintiff's position: September 30, 2017<br>Defendant's position: August 29, 2017 |
| G. | Reports from retained experts under Rule 26(a)(2) are due from the Defendant(s) no later than: | Plaintiff's position: October 30, 2017<br>Defendant's position: September 28, 2017 |
| H. | Rebuttal expert reports due from Plaintiff no later than: | Plaintiff's position: November 30, 2017 |
| I. | Supplements are due within a reasonable time after discovering the need to supplement and not later than 14 calendar days before the close of discovery. | |
| J. | Each party is likely to request or produce information from electronic or computer-based media limited to data reasonably available to the parties in the ordinary course of business. At this time the parties do not anticipate the production of electronic data not reasonably available to the parties in the ordinary course of business. | |

---

[1] Counsel for Plaintiff, Marie Mattox, has several trials that are scheduled this year and will not be ready to try this case by the date indicated in the Initial Scheduling Order

|   |   |
|---|---|
|   | Where possible, electronic data will be produced in a uniform format such as PDF. Upon specific request, electronic data must be produced in both PDF and in the form as it is kept in the ordinary course of business with the understanding that certain specific software may be required to open and view such data and that the producing party has no obligation to provide the requestor with such software. Electronic data will be produced via email, by delivery of a data storage device (*e.g.,* CD, DVD, USB drive, Hard Drive, *etc*.), or made available for copying and inspection at a time and place mutually agreeable to the parties.<br><br>The parties agree to take reasonable measures to preserve potentially discoverable data from alteration or destruction. Should either party inadvertently produce privileged information, such information shall immediately be returned to producing party. |
| **4.** | **Other Items: The parties propose to the Court the following discovery plan:** |
| A. | The Parties do <u>not</u> request a conference with the Court before entry of a Scheduling Order. |
| B. | The Parties have conferred on the issue of magistrate jurisdiction. |
| C. | The Parties request that the Court set a date for hearing dispositive motions for summary judgment prior to the pre-trial conference. By requesting this date, the Parties do not suggest that a hearing will be necessary. Rather, the Parties seek only to conserve resources by not engaging in extensive trial preparations for claims which might ultimately be dismissed, or heavily modified, before trial. |
| D. | The Parties request a pre-trial conference at the Court's discretion after ruling on dispositive motions for summary judgment. |
| E. | The Parties request that the final date to amend the pleadings or join additional parties be: | September 13, 2017 |

| | | |
|---|---|---|
| F. | The Parties request that the final date for dispositive motions be twenty-one days (21) after the close of discovery: | Plaintiff's position: March 21, 2018<br>Defendant's position: November 20, 2017 |
| G. | The Parties will engage in settlement discussions throughout the action. | |
| H. | The prospects of settlement will be enhanced through mediation. The parties request that mediation be ordered to occur on or before: | Plaintiff's position: March 15, 2018<br>Defendant's position: October 25, 2017 |
| I. | The Parties understand that the final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists will be set by this Court at a later time after the completion of discovery. | n/a |
| J. | Trial of the case is expected to take approximately <u>three to four days</u>. The case should be ready for trial on or after: | Per the Court's wishes[2] |
| K. | This case will not be subject to the Manual for Complex Litigation. | |
| L. | Defendant will not serve any subpoena or other document that contains the Social Security number or date of birth of Plaintiff unless it is redacted to | |

---

[2] The parties respectfully request that the Court impose a framework here that will allowing for a ruling on dispositive motions before the parties must turn to and incur expenses associated with preparation of actual trial-related briefings, witness and exhibit lists, jury instructions and verdict forms.

4

| | | |
|---|---|---|
| | reveal only the last four digits of the Social Security number or last four digits of Plaintiff's date of birth. Defendant will only reveal Plaintiff's social security number insofar as necessary to obtain Plaintiff's records. | |
| **5.** | **Nature and basis of the claims and defenses** | |
| A. | Plaintiff: | Plaintiff's claims are generally outlined in the Complaint. Plaintiff demands the full relief to which she is entitled under the laws applicable to this action including, without limitation, attorneys' fees, costs, and damages. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for their services. |
| B. | Defendant: | Defendant denies retaliating against Plaintiff, and denies Plaintiff reported anything that would qualify her for protection under the Florida Whistleblower Act, or Fla. Stat. 415.1036. Defendant had legitimate, non-discriminatory and non-retaliatory reasons for terminating Plaintiff's employment. Defendant further denies violating the Fair Labor Standards Act and the Florida Minimum Wage Act. |
| C. | Factual & Legal issues in dispute: | 1. Whether Plaintiff blew the whistle on Defendant<br>2. Whether the Plaintiff was the victim of retaliation for blowing the whistle on Defendant.<br>3. Whether Defendant conducted itself in a manner consistent with what Plaintiff claimed when she blew the whistle on Defendant<br>4. Whether the reasons Defendant claims for terminating Plaintiff and taking other adverse actions are pre-textual<br>5. Whether Plaintiff's claims comply with provisions of Chapter 415.1036<br>6. Whether Defendant violated the Fair Labor Standards Act<br>7. Whether Plaintiff complained of Defendant violating the Fair Labor Standards Act |

|  |  | 8. Whether Plaintiff was the victim of retaliation for complaining about Defendant violating the Florida Minimum Wage Act |
|---|---|---|
|  |  | 9. Whether Defendant violated the Florida Minimum Wage Act |
|  |  | 10. Whether Plaintiff complained of Defendant violating the Florida Minimum Wage Act |
|  |  | 11. Whether Plaintiff was the victim of retaliation for complaining about Defendant violating the Florida Minimum Wage Act |
|  |  | 12. Whether Defendant may be held liable for such actions. |
|  |  | 13. Whether Plaintiff suffered any damages. |
|  |  | 14. Whether Plaintiff mitigated her damages. |
|  |  | 15. Whether Defendant's actions and inactions involving Plaintiff were for legitimate, non-discriminatory, non-retaliatory reasons |
|  |  | 16. Whether Defendant violated Fla. Stat. 448.101, et seq. as pled in Plaintiff's Amended Complaint filed in Second Circuit Court, Leon County, Florida |
|  |  | 17. Whether the reasons Defendant claims for terminating Plaintiff and taking other adverse actions are pre-textual. |
|  |  | 18. Whether Plaintiff's claims comply with provisions of Chapter 415.1036 |
|  |  | 19. Whether Plaintiff is entitled to relief under 415.1036 |
|  |  | 20. All other issues raised in Plaintiffs' Complaint and/or Defendants' respective Answers and Affirmative Defenses.[3] |

Respectfully submitted this 14th day of August 2017

---

[3] The Court entered an Order Granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 15). Accordingly, Defendant's answer and defenses are subject to change based upon whether Plaintiff files an Amended Complaint, and the content of such complaint.

| | |
|---|---|
| **/s/Elena Komsky** | **/s/ Laura C. Datz** |
| Elena Komsky, FBN: 116000 | Laura C. Datz;  FBN: 91386 |
| MARIE A. MATTOX, P.A. | Consulate Health Care |
| 310 East Bradford Road | 5102 W. Laurel Street, Suite 700 |
| Tallahassee, Florida 32303 | Tampa, FL 33607 |
| Telephone: (850) 383-4800 | Telephone: (813) 769-6280 |
| Facsimile: (850) 383-4801 | Facsimile: (813) 769-6281 |
| E-Mail: elena@mattoxlaw.com | E-Mail: ldatz@mdlegal.net |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

**/s/ Elena Komsky**
Elena Komsky